UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

   Plaintiff,

Vs         CASE NO. 19-CR-40068-HLT-01

HENRY CLARK,

   Defendant,

## MOTION FOR TEMPORARY RELEASE FROM CUSTODY

Comes now, Henry Clark by and through his attorney, Dionne M. Scherff of Joseph, Hollander & Craft LLC, and hereby moves this Court for an order granting him temporary release from custody of the United States Marshals.

In support of his request, Mr. Clark states as follows:

1. Mr. Clark has been in custody since his arrest in late August 2019. Mr. Clark was ordered detained and is currently being housed at Core Civic in Leavenworth, Kansas. (ECF Doc. 49-3 and 69).

2. Mr. Clark is 43 years of age and has diabetes. Mr. Clark has been on social security disability since 2015 for mental health issues as well as diabetes. Mr. Clark is insulin dependent. While in custody, the medical staff at Core Civic have experienced struggles with the control of Mr. Clark's diabetes. He has reported blood sugar levels over 300 at various times.

3.  Mr. Clark request release back to his residence in Chicago, Illinois. Mr. Clark has resided in Chicago, Illinois with his 73 year old mother, Geraldine Clark, for his entire life. Mr. Clark has received long term diabetic medical care from the Stroger Hospital in Chicago, Illinois. Counsel has been in contact with Mr. Clark's mother and brother, Bernard Clark.  Counsel has confirmed that Henry Clark can continue to reside with his mother in the residence he lived in prior to his arrest.  Bernard Clark has confirmed that he will travel to Kansas by private car to retrieve his brother and safely transport him back to the Chicago area.  Henry Clark has not had any felony convictions since 2005.  His only recent charges relate to traffic or driver's license issues.

4.  The Court can order a temporary release from custody for compelling reasons under the Bill Reform Act. 18 USC 3142(i). Mr. Clark's present custody status poses a potential lethal threat to him and as such, a compelling reason exists to warrant his temporary release. On March 12, 2020, Governor Kelly, declared a State of Emergency for the State of Kansas. The declaration of this State of Emergency was on the heels of the World Health Organization classifying COVID-19 as a pandemic. *World Health Organization* (March 11, 2020) at https://bit.ly/2W8dwpS.   The CDC has issued guidance that individuals at higher risk for contracting COVID-19 as adults over 60 years of age, or people with chronic medical conditions.  Diabetes is

listed as a specific chronic health condition which poses a higher risk of contracting COVID-19. *People at Risk for Serious Illness from COVID-19*, CDC (March 12, 2020) *at* https://bit.ly/2vgUt1P.  The CDC has outlined precautionary steps for individuals who are at a higher risk such as social distancing, avoiding crowds and staying home as much as possible.  *Id.*  Mr. Clark does not have an opportunity for social distancing or controlling his medical care while in custody. According to public health experts, incarcerated individuals "are at special risk of infection, given their living situations," and "may also be less able to participate in proactive measures to keep themselves safe;" "infection control is challenging in these settings." *"Achieving a Fair and Effective COVID-19 Response: An Open Letter to Vice-President Mike Pence, and Other Federal, State, and Local Leaders from Public Health and Legal Experts in the United States,"* (March 2, 2020), *at* https://bit.ly/2W9V6oS .

5.   Counsel has not been advised that any staff or inmates have tested positive for the COVID-19 virus at the Core Civic Facility in Leavenworth. However, based on the current public health projections it not a matter of **if** the pandemic will reach Core Civic but rather a matter of **when** it will reach the facility.  Counsel contacted and was advised by medical staff at Core Civic that testing for COVID-19 **is not** available at their facility.   The fact that Core Civic does not have

testing capability for COVID-19 is proof of the facility's inability to address the public health crisis in our community.

6.      The government has been contacted about this motion and opposes the release of Mr. Clark.

7.      The Bail Reform Act provides that a "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. 3142(i). The circumstances that existed when Mr. Clark was detained in August 2019 have now changed. There is a pandemic that poses a direct risk to Mr. Clark that is far greater if he continues to be detained during this public health crisis. Henry Clark is vulnerable because of his serious medical condition of diabetes. This is a compelling reason to allow his pretrial release. There are conditions of release which can ensure his appearance for Court such as home detention with GPS monitoring.   Mr. Clark is prepared to abide by such conditions. Mr. Clark is among the vulnerable population at heightened risk of getting very sick from this illness.

WHEREFORE, for all the above reasons, defendant prays for an order granting him temporary release from custody.

Respectfully submitted,


JOSEPH, HOLLANDER & CRAFT LLC

By: /s/DIONNE M. SCHERFF
Dionne M. Scherff #15066
10104 W. 105th St.
Overland Park, Kansas 66212
Telephone: (913) 948-9490
Telefacsimile: (913) 498-9655
Attorneys for Defendant

## CERTIFICATE OF SERVICE


I hereby certify that on the 18th day of March 2020, I electronically filed the foregoing Motion for Temporary Release from Custody with the Clerk using the CM/ECF system, which will notify all attorneys of record.

/s/ Dionne M. Scherff